LONNIE HUGHES,

    Plaintiff,

vs.

TEXAS ROADHOUSE ROADHOUSE
HOLDINGS LLC d/b/a TEXAS
ROADHOUSE

    Defendant,

_____/

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA, GAINESVILLE DIVISION

Case No.:

## DEFENDANT, TEXAS ROADHOUSE HOLDINGS LLC'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Defendant, TEXAS ROADHOUSE HOLDINGS, LLC d/b/a TEXAS ROADHOUSE, a foreign limited liability company (hereinafter "Texas Roadhouse"), by and through its undersigned attorneys, pursuant to the provisions of Title 28, USC §§1332, 1441 and 1446, hereby removes to the United States District Court for the Northern District of Florida, Gainesville Division, an action pending in the Eighth Judicial Circuit in and for Alachua County, Florida, captioned *LONNIE HUGHES vs. TEXAS ROADHOUSE, HOLDINGS, LLC, etc.,* Case Number: 2019-CA-3192. IN support thereof, Texas Roadhouse would show:

1.    Plaintiff commenced this action in the Circuit Court of Alachua County, Florida on or about September 18, 2019. The Summons and Complaint originally incorrectly named as the only defendant an entity referred to as "Texas Roadhouse, Inc. (hereinafter "Roadhouse"), not the entity which is currently named as the defendant. The original defendant was served with process on November 1, 2019. A copy of the Complaint, Return of Service and the date-stamped Summons are attached as composite exhibit "A".

2. Roadhouse, Inc. responded to the Plaintiff's original Complaint with an Answer and Defenses. See exhibit "B."

3. On March 18, 2020 Plaintiff filed his Amended Complaint naming Texas Roadhouse as defendant. See exhibit "C." Texas Roadhouse filed its answer on April 13, 2020. See exhibit "D."

4. Additional filings in the state court are:

A. Plaintiff's Request for Admissions, Interrogatories, and Request to Produce, served along with the Summons and Original Complaint, exhibits "E," "F" and "G."

B. Roadhouse's First Request for Admissions, Interrogatories and Request to Produce to Plaintiff of November 15, 2019, exhibits H," "I" and "J."

C. Plaintiff's Notice of Filing of Affidavit of Service, December 23, 2019, exhibit "K."

D. Roadhouse's Response to Plaintiff's Request for Admissions, December 17, 2019, exhibit "L."

E. Plaintiff's Response to Defendant's First Request for Admissions, December 23, 2019, exhibit "M."

F. Order Setting Case Management Conference, February 20, 2020, exhibit "N."

G. Texas Roadhouse's Case Management Statement, March 18, 2020, exhibit "O."

H. Plaintiff's Case Management Statement, March 19, 2020, exhibit "P."

I. Plaintiff's Case Management Statement, March 23, 2020, exhibit "Q."

J.   Order Scheduling Trial, April 6, 2020, exhibit "R."

K.   Texas Roadhouse's Response to Plaintiff's Request to Produce, April 15, 2020, exhibit "S."

L.   Texas Roadhouse's Unverified Answers to Plaintiff's Interrogatories, April 15, 2020, exhibit "T."

M.   Plaintiff's Notice of Service of Answers to Interrogatories, June 15, 2020, exhibit "U."

N.   Plaintiff's Response to Defendant's First Request for Admissions[1] (sic), June 15, 2020, exhibit "V."

5.   This action is being removed to the United States District Court, pursuant to 28 USC §1441 because it involves a dispute between citizens of different states in which the amount in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6.   In the operative Complaint, the Plaintiff is seeking damages for personal injuries claimed to have been sustained as a result of a slip and fall accident which is alleged to have occurred on February 6, 2016 at the Texas Roadhouse Restaurant then-located at 3830 SW Archer Road, Gainesville, Alachua County, Florida. In the operative Complaint it is alleged the Plaintiff sustained injuries when he fell. It is further alleged that as a "direct and proximate result" of Texas Roadhouse's claimed negligence: "Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages in the past, loss of the ability to earn wages in the future, and aggravation of a previously existing

---

[1] This is actually the Plaintiff's Response to the Defendant's First Request for Production.

condition. These losses are permanent and continuing and Plaintiff will suffer the losses in the future." Amended Complaint at ¶10.

7.   Texas Roadhouse understands that Plaintiff's injuries claimed to have been sustained as a result of this accident consist of injuries of his shoulder which have required several surgical procedures. Texas Roadhouse further understands that the Plaintiff has incurred medical bills totaling at least $38,848.55. Texas Roadhouse also understands that the workers' compensation carrier has paid total benefits of $250,652.08 to or on behalf of the Plaintiff for which it is asserting a lien against any recovery that be obtained in this litigation. This is in addition to whatever claims for future economic losses the Plaintiff is claiming as well. Texas Roadhouse further understands that the Plaintiff claims to have been permanently injured as a result of the subject accident and alleges that he continues to have pain and other difficulties through the present day.

8.   28 USC §1332 provides that the United States District Courts shall have original jurisdiction when the matter in controversy exceeds or has a value of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states. The pleadings and the additional materials exchanged thus far and referenced above, copies of which are attached, demonstrate that these requirements have been met in the following respects:

a.   The Plaintiff is a citizen of the state of Florida.

b.   Texas Roadhouse is a limited liability company, authorized to and doing business in the state of Florida. Texas Roadhouse has only one member, Texas Roadhouse, Inc. Texas Roadhouse, Inc. is a Delaware corporation with its principal

place of business in Louisville, Kentucky. As a result, Texas Roadhouse, Inc. is considered to be a citizen of the states of Delaware and Kentucky. 28 USC § 1332(c)(1). A corporation's principal place of business is determined by looking at the "total activities" of the corporation. *Bel-Bel I'National Corp. vs. Community Bank of Homestead*, 162 F.3d 1101 (11th Cir. 1998). For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Rolling Greens MHP, L.P v. Comcast Holdings, LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (Holding that a limited liability company is a citizen of any state of which a member of the company is a citizen.); *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, 663 F.3d 1304 (11th Cir. 2011). Consistent with these authorities, Texas Roadhouse is considered to be a citizen of Delaware and Kentucky.

c.   As set forth in paragraph 7, Plaintiff is seeking damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

d.   In Roadhouse, Inc.'s First Request for Admissions served on November 25, 2019, among other things, Plaintiff was asked to admit that "The matter in controversy in this litigation does not exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest." Rather than admit or deny the request as phrased, in a clear attempt to avoid making any commitment which he might later come to regret, and clearly in an attempt to keep open all of his options, chief of which is to avoid removal yet still be able to claim in state court damages in excess of $75,000, Plaintiff responded:

> Plaintiff objects to this request for admission under Florida Rule of Civil Procedure 1.370 as seeking, not an application of law to facts, but a purely legal conclusion. See *Davis v. Dollar Rent a Car System*, 909 So.2d 297, 300 (Fla. 5th DCA 2004) ("We conclude that while the current

rule now allows for requests directed to opinions, facts, and the application of law to facts, it continues to make no provision for requests seeking a purely legal conclusion. Accordingly, because the response to a request seeking an admission or denial regarding whether a duty of care is owed is a purely legal conclusion, prior case law, which holds that such requests are inappropriate and that a response is thus unnecessary, is still applicable."); *Perez v. Miami-Dade County*, 297 F.3d 1255, 1261, n. 12 (11th Cir. 2002) (noting that discovery requests were stricken because they improperly called for legal conclusions); *In re Olympia Holding Corp.*, 189 B.R. 846, 853 (Bkrtcy. M.D. Fla. 1995) (holding that a discovery request for a conclusion of law is improper).

Plaintiff further objects in that this request for admission may reasonably be interpreted to seek communications, mental impressions, conclusions, opinions, or legal theories of Plaintiff's counsel performing in their professional capacity as attorneys in rendering legal services to Plaintiff herein, and are thus immune from discovery under the attorney opinion work-product privilege.

Finally, at this time, Plaintiff is unable to admit or deny that the damages at issue in this case are more or less than $75,000.00, exclusive of interest, costs, and attorney's fees, as there is a factual dispute concerning the amount of damages at issue in this case. Specifically, Defendant has denied the damages claims made by Plaintiff. This factual dispute is one which should be appropriately resolved by a jury and is inappropriate for a request for admissions as the amount in controversy between the parties is not reasonably calculated to expedite the trial of the action, or to relieve the parties of the time and expense entailed in proving the genuineness of documents or the truth of matters of fact which the parties do not intend to litigate or which can be ascertained by reasonable inquiry. Notwithstanding, Plaintiff admits that for jurisdictional purposes, the amount in controversy exceeds $15,000.00, exclusive of interest, costs, and attorney's fees.

These objections are not well-taken and have been rejected by the Florida courts. For example, in the case of *Sunrise Mills (MLP) Ltd. Partnership v. Adams*, 688 So2d 464 (Fla. 4th DCA 1997) the court rejected the claim that this type of request for admission was improper, concluding that the plaintiff's objections were "entirely unfounded." 688 So.2d at 465. Similarly, in *K-Mart Corp. v. Fernandez*, 623 So.2d 846 (Fla. 2d DCA 1993) the court noted that: "request for admissions is a proper method to

ascertain the amount in controversy for removal purposes." 623 So.2d at 847. The response also fails to comply with the provisions of the Florida Rules of Civil Procedure regarding the required certification when one claims an inability to respond or lack of knowledge.

 e. Further evidence that the required minimum amount in controversy is present is demonstrated by the fact that on January 7, 2020, Texas Roadhouse requested that the Plaintiff stipulate that his damages did not exceed the sum of $75,000 but the Plaintiff has failed to respond to this request.[2] See exhibit "W."

 f. As a result, while taken separately the allegations in the Amended Complaint, the Plaintiff's response to the Request for Admissions, Plaintiff's refusal to stipulate to a limitation on damages and Plaintiff's demand letter of September 12, 2018, each by themselves, might not prove by a preponderance of the evidence that more than $75,000 is in controversy, Texas Roadhouse submits that together they suffice. *Stephenson v. Amica Mut. Ins. Co.*, 2014 U.S. Dist. LEXIS 116617 (M.D. Fla. 2014)[3]; *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 *3-4 (SD Fla. 2010) (finding that a pre-suit demand letter and a plaintiff's "noncommittal responses" to request for admissions sufficiently demonstrated a $75,000 amount in controversy).

 9. This Court has original jurisdiction of this action pursuant to 28 USC

---

[2] Although standing alone a refusal to stipulate the actual amount of damages sought does not support jurisdiction, this Court may properly consider Plaintiff's refusal as further evidence that the amount in controversy exceeds $75,000. *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d at 1380; *Diaz v. Big Lots Stores, Inc.*, 2010 U.S. Dist. Lexis 143285 (M.D. Fla. 2010).

[3] In his opinion, Judge Dalton noted that: "while genuine jurisdictional ambiguities must be resolved in favor of remand, see *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), jurisdictional ambiguities of a plaintiff's own creation generally weigh in favor of removal. *See, e.g., Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (finding that "deliberatively equivocal interrogatory responses" weigh in favor of removal). The increasingly common practice among plaintiffs of equivocating to avoid removal is therefore counterproductive as well as inconsistent with counsel's obligation for candor."

§1332 as it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states. As a result, this action is properly removable to this Court pursuant to 28 USC §1441.

10. This Notice of Removal has been filed within the time frame specified by law pursuant to 28 USC §1446 (b)(3)(A). Specifically, within thirty (30) days of Texas Roadhouse receiving on June 15, 2020 Plaintiff's Response to Defendant's First Request for Production and Answers to Interrogatories, the first date on which Texas Roadhouse was able to determine that this cause was removable to this Court.

11. Promptly after the filing of this Notice of Removal, a true copy will be filed with the Clerk of the Circuit Court for Duval County, Florida.

12. Written notice of filing this Notice of Removal has been given to the adverse party as required by law in 28 USC §1446 (b) (3).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Courts by using the eFiling Portal, and that a copy was served via Electronic Mail on the 6th day of July 2020 to: James G. Biggart, II, Esquire, Morgan & Morgan, 104 N. Main Street, Suite 500 Gainesville, FL 32609; jbiggart@forthepeople.com; swright@forthepeople.com; ashealy@forthepeople.com.

Brian D. Stokes, Esquire
Florida Bar No.: 436968
Alvarez, Winthrop, Thompson & Storey, P.A.
P.O. Box 3511
Orlando, FL 32802
Telephone No.: (407) 210-2796
Facsimile No.: (407) 210-2795
Attorneys for Defendant
Designated Email addresses:
bdstokes@awtspa.com
nlumlock@awtspa.com
eservice@awtspa.com