Filing # 95893000 E-Filed 09/18/2019 11:26:11 AM

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR ALACHUA COUNTY FLORIDA

CASE NO.: 2019 CA 3192
DIV J

LONNIE HUGHES,

    Plaintiff,

vs

TEXAS ROAHOUSE, INC.

    Defendant.

_____/

Date: 11/1/19
Time: 3:55PM
Server: CS
ID#: CPO262

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production, and Request for Admissions in the above-styled cause upon the Defendant:

**TEXAS ROADHOUSE, INC.**
**c/o Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

**A. Daniel Vazquez, Esquire**
**Plaintiff/Plaintiff's Attorney**
**Morgan & Morgan, P.A.**
**2815 NW 13th Street, Suite 423**
**Gainesville, Florida 32609**
**352-204-4714**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    WITNESS my hand and seal of this Court on this __13__ day of __SEPTEMBER__, 2019.

J.K. "JESS" IRBY, ESQ.
CLERK OF THE CIRCUIT COURT
CIVIL DIVISION
201 E UNIVERSITY AVE
GAINESVILLE, FL 32601

J.K. "JESS" IRBY, ESQ.
Clerk of the Circuit Court

By _[signature]_
As Deputy Clerk

**A**

Filing # 95893000 E-Filed 09/18/2019 11:26:11 AM

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR ALACHUA COUNTY FLORIDA

CASE NO.: 2019 CA 3192
DIV J

LONNIE HUGHES,

    Plaintiff,

vs

TEXAS ROAHOUSE, INC.

    Defendant.
_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production, and Request for Admissions in the above-styled cause upon the Defendant:

**TEXAS ROADHOUSE, INC.**
**c/o Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301-2525**

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

**A. Daniel Vazquez, Esquire**
**Plaintiff/Plaintiff's Attorney**
**Morgan & Morgan, P.A.**
**2815 NW 13th Street, Suite 423**
**Gainesville, Florida 32609**
**352-204-4714**

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    WITNESS my hand and seal of this Court on this __18__ day of __SEPTEMBER__, 2019.

J.K. "JESS" IRBY, ESQ.
CLERK OF THE CIRCUIT COURT
CIVIL DIVISION
201 E UNIVERSITY AVE
GAINESVILLE, FL 32601

J.K. "JESS" IRBY, ESQ.
Clerk of the Circuit Court

By _Alice M. Vaples_
As Deputy Clerk

Filing # 95893000 E-Filed 09/18/2019 11:26:11 AM

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR ALACHUA COUNTY FLORIDA

CASE NO.:  2019 CA 3192
DIV.

LONNIE HUGHES,

    Plaintiff,

vs

TEXAS ROAHOUSE, INC.

    Defendant.
_____/

## COMPLAINT

COME NOW the Plaintiff, **LONNIE HUGHES**, by and through the undersigned attorney, and sues the **Defendant, TEXAS ROADHOUSE, INC.** and states as follows:

### NEGLIGENCE

1. This is an action for damages in excess of the sum of Fifteen Thousand and 00/100 ($15,000.00) dollars, exclusive of interest, costs and attorneys' fees.

2. At all times material hereto, the Defendant, **TEXAS ROADHOUSE, INC.**, was and remains a Foreign For Profit Corporation licensed to do business and was doing business in Gainesville, Alachua County, Florida with the registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

3. At all times material hereto, the Defendant, **TEXAS ROADHOUSE, INC.**, was the operator of the premises located at 3830 SW Archer Road, in Gainesville, Alachua County, Florida, where the incident occurred.

4. At all times material hereto, **TEXAS ROADHOUSE, INC.** was in charge of the maintenance of the subject property referred to in paragraph #3.

5. At all times material hereto, Defendant, **TEXAS ROADHOUSE, INC.** had possession and control of the premises at Texas Roadhouse, located at 3830 SW Archer Road in Gainesville, Alachua County, Florida, where this incident occurred.

6. On or about February 5, 2016, the Plaintiff, **LONNIE HUGHES**, was a business invitee lawfully present upon the premises of the Defendant at the resort referred to in paragraph 3.

7. At said time and place, Defendant, owed Plaintiff, **LONNIE HUGHES**, as business invitee upon said premises, a duty to exercise reasonable care for the safety of said Plaintiff.

8. On the aforesaid date and place, Defendant breached their duty owed to Plaintiff, **LONNIE HUGHES**, by committing one or more of the following omission or commissions:

   a. Negligently failed to maintain or adequately maintain the window blinds and/or pull chains within said premises, thereby endangering the safety of the Plaintiff, **LONNIE HUGHES**;

   b. Negligently failed to inspect or adequately inspect the window blinds for dangerous conditions for the safety of the Plaintiff, **LONNIE HUGHES**;

   c. Negligently failed to warn or adequately warn the Plaintiff, **LONNIE HUGHES**, of the dangerous condition of the window blinds and pull chains when Defendant knew or should have known of said danger and the Plaintiff, **LONNIE HUGHES**, was unaware of said danger;

   d. Negligently failed to correct, or adequately correct the dangerous condition of the window blinds and pull chains when said dangerous condition was known to the Defendant or had existed for a sufficient

    length of time so that the Defendant knew or should have known of it.

 e. Negligently failed to have adequate staff on duty and/or assigned to the task of inspecting the premises for dangerous conditions;

 f. Negligently failed to place warning signs and/or other devices on the aforesaid premises to advise patrons of the existence of the aforesaid dangerous condition;

 g. Negligently failed to provide properly functioning blinds and pull chains for use by Plaintiff at the time of this incident.

 h. Negligently failed to train and/or inadequately training its employees to inspect said premises for dangerous conditions;

 i. Negligently failed to act reasonably under all the circumstances.

9. As a direct and proximate result of the negligence of the Defendant, as heretofore alleged, the Plaintiff, **LONNIE HUGHES**, was injured in and about her body and extremities; suffered pain there from; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; and suffered physical handicap; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff will sustain said losses and impairment in the future.

**WHEREFORE**, Plaintiff, **LONNIE HUGHES**, demands judgment for damages against Defendant, **TEXAS ROADHOUSE, INC.**, demands judgment against Defendant, in excess of Fifteen Thousand Dollars ($15,000.00), and other such relief deemed proper by the Court.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 18th day of September, 2019.

**MORGAN & MORGAN**

*/s/ A. Daniel Vazquez*
**A. DANIEL VAZQUEZ, ESQ.**
FBN: 86828
2815 NW 13th Street, Suite 423
Gainesville, Florida 32609
Primary email: dvazquez@forthepeople.com
Secondary: swright@forthepeople.com;
ashealy@forthepeople.com
Telephone:   (352) 204-4714
Facsimile:    (352) 204-4738
Attorney for Plaintiff