Filing # 95893000 E-Filed 09/18/2019 11:26:11 AM

IN THE CIRCUIT COURT, EIGHTH
JUDICIAL CIRCUIT, IN AND FOR
ALACHUA COUNTY, FLORIDA

CASE NO.:

**LONNIE HUGHES,**

       Plaintiff,

vs.

**TEXAS ROADHOUSE, INC.,**

       Defendants.

_____/

## PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION

**COMES NOW** the Plaintiff, **LONNIE HUGHES,** by and through the undersigned

counsel and hereby requests that Defendant, **TEXAS ROADHOUSE, INC.,** produce for

inspection or copying the documents set forth below. Defendants shall produce these documents

at 2815 NW 13ᵗʰ Street, Suite 423, Gainesville, Florida 32609 within forty-five (45) days after

service of this Request for Production.

### 1.  Definitions

A.    As used throughout this Request to Produce, the following terms are defined as

follows:

B.    "Document" is used in the broad sense and means any tangible object or thing that

contains, conveys, or records information. Production is required of the original, or any copy if

the original is not available, of any book, record, minutes of meetings, reports and/or summaries

of interviews, reports and/or summaries of investigations; opinions or reports of consultants;

opinions of counsel; communications of any nature, including internal company communications,

memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or



summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.    "Document" also includes copies containing information in addition to that contained on the original (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.    If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.    "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.    "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.    "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.    As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.    As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II.    Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.    Description sufficient to identify.

3

2.      The   date(s).

3.      The   subject matter(s).

4.      The   sender(s) or authors).

5.      The   recipient(s).

6.      The persons to whom copies were furnished, together with their job titles.

7.      The present depository or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement

relates or corresponds.

### III.   Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.   Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan Gainesville, PLLC. 2815 NW 13th Street, Suite 423, Gainesville, Florida 32609, or at such other place as the parties may agree. Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

4

**DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1.     All statements made by any witnesses to the subject accident at the subject place of business located at the Texas Roadhouse located 3830 SW Archer Road, Gainesville, Alachua County, Florida 32608.

2.     All statements made by the Plaintiff pertaining to or concerning the subject matter.

3.     Any and all video recordings of the subject incident/accident.

4.     All photographs of the area involved in the incident/accident.

5.     A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

6.     A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

7.     Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done on the date of the subject accident, as well as the five (5) days before that date in the area where the LONNIE HUGHES slipped.

8.     Time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for

inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

9.     Inspection sheets and/or and other documents for inspections that were used on the date of the subject accident, or that are now used by employees at Defendant's premises, for inspections.

10.     A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

11.     A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.

12.     A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.

13.     A true and correct copy of your written procedure for inspection of the store floors and floors of the subject premises on the date of the subject accident.

14.     A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions, for inspecting the floors of the subject premises for transitory and/or slippery substances, for cleaning up such conditions, or

6

maintaining the premises.

15.    A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location at the time of the subject accident.

16.    A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject accident, explaining maintenance, inspection, and safety precautions at Defendant's premises.

17.    A true and correct copy of any and all photographs taken of the incident/accident scene.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to the Defendant, TEXAS ROADHOUSE, INC. together with the Summons and Complaint.

MORGAN & MORGAN

/s/ A. Daniel Vazquez
A. DANIEL VAZQUEZ, ESQ.
FBN: 86828
2815 NW 13th Street, Suite 423
Gainesville, Florida 32609
Primary email: dvazquez@forthepeople.com
Secondary: swright@forthepeople.com;
ashealy@forthepeople.com
Telephone:    (352) 204-4714
Facsimile:    (352) 204-4738
Attorney for Plaintiff

7